UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DAWN BENNETT,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN DAVID PAUL,<br><br>    Respondent. | Civil Action No. 5:25-073-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Dawn Bennett is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Bennett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she asserts various claims, including that the Federal Bureau of Prisons ("BOP") is failing to award her time credits that she has earned pursuant to the First Step Act ("FSA") and otherwise improperly calculating her release date. [*See* R. 1]. The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Bennett's petition. [*See* R. 15]. Bennett then filed a reply in support of her request for relief. [*See* R. 22]. Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Bennett's petition because she has neither clearly shown how the BOP's calculations are incorrect nor otherwise adequately demonstrated that she is entitled to habeas relief. The U.S. Attorney's Office has explained that Bennett has earned 945 days of relevant time credits, and the BOP has applied 365 of those days (which is the applicable statutory maximum) toward early transfer to supervised release, advancing Bennett's release date by a full year—from December 2034 to December 2033.

[R. 15 at 2]. The U.S. Attorney's Office has also indicated that Bennett's remaining 580 days of time credits could be applied toward prerelease custody, meaning that, under a best-case scenario, she could be released to a residential reentry center or home confinement as early as January 2030. [*Id.*]. While Bennett offers her own series of calculations, her submissions are difficult to follow, and she certainly has not demonstrated in any clear way how the BOP's comprehensive time credit assessment [R. 15-1 at 72-77] is wrong or otherwise inconsistent with applicable law.

Nevertheless, Bennett suggests she should immediately be placed on home confinement. But her request is simply unavailing. Pursuant to 18 U.S.C. § 3624(c), the BOP has the discretion to determine Bennett's place of confinement; indeed, as this Court has recognized, "a prisoner is neither entitled nor guaranteed such placement for any minimum amount of time." *Schmutzler v. Quintana*, No. 5:19-cv-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019); *see also* 18 U.S.C. § 3621(b) (giving *t*he BOP the authority to determine where a prisoner is housed).

Finally, while Bennett puts forth several other arguments, her claims are either not cognizable in a habeas petition or are otherwise unavailing. For example, Bennett appears to seek compassionate release, but a request for such relief must be raised with the sentencing court, not this Court. *See Martin v. LeMaster*, No. 21-6247, 2022 WL 18145207, at *2 (6th Cir. Oct. 19, 2022). Bennett also complains about the conditions of her present and past confinement, but she has failed to show that there is no set of conditions under which her confinement would be constitutionally permissible. *See Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020). As a result, Bennett must pursue her claims via a standalone civil rights action rather than in this matter. And to the extent that Bennett is trying to collaterally attack her underlying federal convictions and sentence, such claims are not cognizable via this § 2241 case. *See Cox v. United States*, No. 23-3966, 2024 WL 4948683, at *1 (6th Cir. Apr. 17, 2024).

Accordingly, it is **ORDERED** that:

1. Bennett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 18th day of December, 2025.